UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. WALKER,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>          Defendants. | Case No. 15-cv-05820-HSG<br><br>**ORDER OF DISMISSAL** |

Plaintiff filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at San Francisco County Jail on a civil commitment hold pending a probable cause hearing pursuant to California's Sexually Violent Predators Act (Cal. Welf. & Inst. Code § 6600, *et seq.* ("SVPA")). Docket No. 1 ("Compl.") at 3 and 5. For the reasons set forth below, the instant action is DISMISSED as duplicative of Plaintiff's earlier-filed action, *Walker v. Krol*, Case No. 15-05819 HSG (PR) ("*Walker I*").

## DISCUSSION

In assessing whether the instant action is duplicative of *Walker I*, the Court examines whether the causes of action and relief sought, as well as the parties to the action, are the same by applying the transaction test, which has been developed in the context of claim preclusion. *See Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007) *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008) (borrowing claim preclusion test to determine whether a suit is duplicative).

> "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992) (citing Restatement (Second) of Judgments § 24(1) (1982)). In applying the transaction test, we examine four criteria:

(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982). "The last of these criteria is the most important." *Id*. at 1202.

*Adams*, 487 F.3d at 689.

In the current action, Plaintiff names as defendants John and Jane Doe, identified as the city and county overseeing the San Francisco County Jail; Matthew Freeman, identified as the chief deputy of the San Francisco Sheriff's Department; Captain Fisher, identified as the San Francisco County Jail facility commander; facility lieutenant Krol; and facility lieutenant De Guzman.  Compl. at 4.  He alleges that these defendants are unjustly disciplining and punishing him in violation of his rights under the First, Eighth, and Fourteenth Amendments, and specifically references the following incidents: an issuance of a rules violation by Sgt. Groody on June 10, 2015;  an issuance of a rules violation from Deputy Wang on October 7, 2015; Lt. Krol finding Plaintiff guilty of the October 7, 2015 rules violation in retaliation for Plaintiff's attempts to file criminal charges and complaints; an issuance of a rules violation by Office Saelee on November 13, 2015; Lt. Krol finding Plaintiff guilty of the November 13, 2015 rules violation; an issuance of a rules violation by Deputy Saelee on November 15, 2015; Lt.'s Krol finding Plaintiff guilty of the November 15, 2015 rules violation; Capt. Fisher changing Plaintiff's housing assignment to housing for criminal detainees; and the denial of various privileges, such as canteen, contact visits, and phone usage. *Id.* at 6–10.  Plaintiff's allegations, liberally construed, state a cognizable claim that his conditions of confinement violate his constitutional rights under the Fourteenth Amendment.  *Youngberg v. Romero*, 457 U.S. 307, 315–16 (1982) (under the Due Process Clause of the Fourteenth Amendment, civilly-committed persons retain substantive liberty interests, which include at least the right to basic necessities such as adequate food, shelter, clothing and medical care; safe conditions of confinement; and freedom from unnecessary bodily restraint); *see also id.* at 321–22 ("Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.").

1    Similarly, in *Walker I*, Plaintiff also alleged that his conditions of confinement at San
2    Francisco County Jail are unconstitutional because of his status as a civil detainee, referencing the
3    same incidents enumerated above. *Compare* Comp. at 6–10 to Complaint at 10–25, *Walker I*
4    (N.D. Cal. Dec. 18, 2015) (ECF No. 1).  Plaintiff's allegations in *Walker I* also, when liberally
5    construed, state a cognizable claim that his conditions of confinement violate his constitutional
6    rights under the Fourteenth Amendment.

7    It is clear that the claims in the instant complaint arise out of the same transactional
8    nucleus of facts asserted in *Walker I* and that any rights established by a judgment in *Walker I*
9    would be destroyed or impaired by a judgment in the present action. It is also clear that
10   substantially the same evidence would be presented in both actions.  Thus, under the *Costantini*
11   factors, the Court concludes that the two suits involve the same cause of action.

12   Moreover, the defendants in the two actions differ only slightly and represent the same
13   interests.  *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is
14   duplicative if the claims, parties, and available relief do not significantly differ between the two
15   actions." (internal quotation marks omitted)); *see also The Haytian Republic*, 154 U.S. 118, 124
16   (1894) (in determining claim preclusion "[t]here must be the same parties, or, at least, such as
17   represent the same interests; there must be the same rights asserted and the same relief prayed for;
18   the relief must be founded upon the same facts, and the . . . essential basis, of the relief sought
19   must be the same." (internal quotation marks omitted)).  In *Walker I*, Plaintiff named numerous
20   defendants, all of whom are employees of San Francisco County Jail, including two of the
21   defendants named in the instant action (Capt. Fisher and Lt. Krol).  The City and County of San
22   Francisco is named as a defendant in both actions.  Neither Capt. Freeman nor Lt. De Guzman,
23   both of whom are named defendants in the instant action, are named as defendants in *Walker I*.
24   However, in the instant action, Plaintiff has alleged Capt. Freeman and Lt. De Guzman are liable
25   because they reviewed his grievances regarding the above incidents.  In other words, Plaintiff
26   seeks to hold Capt. Freeman and Lt. De Guzman liable for approving the actions of the
27   subordinates named in *Walker I* and the instant action.  Therefore, the Court concludes that the
28   parties do not significantly differ between the two actions.

Because the causes of action and relief sought are the same in both *Walker I* and the instant action, and because the parties do not differ significantly between the two actions, the Court concludes that the instant action is duplicative of *Walker I*.

## CONCLUSION

Accordingly, the instant action is DISMISSED without prejudice as duplicative. The Clerk is directed to terminate all pending motions and close the file. No filing fee is due.

**IT IS SO ORDERED.**

Dated: 6/9/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

4